1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| KAYTRINA WILLIAMS, | No. 1:15-cv-1237-JAM-EPG |
| --- | --- |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| TRANS UNION, *et al.*, | |
| Defendants. | |

On August 11, 2015, Defendants removed this case from the Fresno County Superior Court. (Doc. 1). On this same day, this Court issued an Order Setting a Mandatory Scheduling Conference. The order advised all parties that the Court would hold a mandatory scheduling conference on October 20, 2015, at 9:30 a.m., in Courtroom 10, requiring the appearance of all parties. (Doc. 2). The parties were also advised that a Joint Scheduling Report must be filed seven days prior to the conference. *Id*.

Defense counsel advised the Court that they attempted to contact Plaintiff on several occasions regarding the preparation of the report, but they were not able to secure her cooperation in doing so. (Doc. 22, pg. 1). Moreover, the scheduling conference was held at the designated

date and time, however, Plaintiff failed to appear for the hearing.  (Doc. 25).

The parties were advised that failure to appear at the scheduling conference, or participate in the preparation of the Joint Scheduling Report would result in the impositions of sanctions or dismissal of this action. (Doc. 2, pg. 8).  Here, Plaintiff did not follow either of these directives.  Accordingly, the Court orders that Plaintiff show cause why this case should not be dismissed for her failure to comply with this Court's orders, and for her failure to prosecute this case.

Federal Rule of Civil Procedure 16(f) allows for dismissal of a case for failure to appear at a scheduling conference.  *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).  In addition, Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court."  This Court has the inherent power to manage its docket.  *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986).  In the exercise of that power, the Court may dismiss an action for a party's failure to obey court orders and to prosecute the case.  *Id*; *also see Malone*, 833 F.2d at 130 (affirming district court's dismissal of action for a party's failure to comply with court orders); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (the district court has the inherent power to dismiss a case *sua sponte* for lack of prosecution).  The Court is required to weigh several factors in determining whether to dismiss an action for lack of prosecution or failure to obey court orders including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson*, 779 F.2d at 1424; *Malone*, 833 F.2d at 132-133.

**ORDER**

Accordingly, Plaintiff  Kaytrina Williams is **ORDERED** to appear on **November 9, 2015,**

**at 9:30 a.m., in Courtroom 10**, to show cause, if any exists, for her failure to appear at the mandatory scheduling conference on October 20, 2015.  The Court has also set another scheduling conference at this same date and time.  Accordingly, Plaintiff shall appear at the scheduling conference that is also set for **November 9, 2015, at 9:30 a.m., in Courtroom 10.**  Plaintiff must  participate in the preparation of the Joint Scheduling Report that is due seven days prior to the hearing.

**Plaintiff is cautioned that failure to appear at the hearing on this Order to Show Cause or attend the scheduling conference will result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **October 26, 2015**             /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE