**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAYTRINA WILLIAMS,<br><br>       Plaintiff,<br><br>   v.<br><br>TRANS UNION, *et al*.,<br><br>       Defendants. | No. 1:15-cv-1237-JAM-EPG<br><br>**FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL THIS ACTION FOR A FAILURE TO PROSECUTE AND FOR FAILURE TO FOLLOW A COURT ORDER** |

**I.      Introduction**

On August 11, 2015, Defendants removed this case from the Fresno County Superior Court. (Doc. 1). On this same day, this Court issued an Order Setting a Mandatory Scheduling Conference. The order advised all parties that the Court would hold a mandatory scheduling conference on October 20, 2015, at 9:30 a.m., in Courtroom 10, requiring the appearance of all parties. (Doc. 2). The parties were also advised that a Joint Scheduling Report must be filed seven days prior to the conference. *Id*.

Defense counsel advised the Court that they attempted to contact Plaintiff on several occasions regarding the preparation of the report, but they were not able to secure her cooperation in doing so. (Doc. 22, pg. 1). Moreover, the scheduling conference was held on October 20,

1

2015, at the designated time, however, Plaintiff failed to appear for the hearing. (Doc. 25).

On October 26, 2015, this Court issued an Order to Show Cause why the case should not be dismissed noting Plaintiff's non-appearance at the scheduling conference. The Court set an Order to Show Cause hearing for November 9, 2015, at 9:30 a.m., as well as another scheduling conference for that same time. (Doc. 26, pgs. 2-3). Plaintiff was ordered to appear for the hearing, and was advised that she was required to participate in the Joint Scheduling Report with Defendants seven days prior to the hearing. Plaintiff was also advised that failure to respond to the Order to Show Cause would result in dismissal of this action. (Doc. 26, pg. 3, lines 8-9).

On November 2, 2015, Defendants filed their Scheduling Report, as well as declarations, indicating that they had attempted to contact the Plaintiff on numerous occasions via telephone and email to prepare the Joint Scheduling Report.[1]  (Docs. 30; Doc. 31, pg. 1-2; Doc. 32). However, Plaintiff was uncooperative in this process as evidenced by her failure to participate in two pre-arranged 26(f) telephonic conferences with Defendants on October 13 and 29, 2015. (Doc. 32, pgs. 2, 4-5). On November 2, 2015, Defendants filed their own Status Report due to Plaintiff's non-compliance. (Doc. 31). On November 3, 2015, Defendants filed a revised Joint Scheduling Report. (Doc. 33). In the Report, Defendants indicated that Plaintiff completed the Joint Report after the Court imposed deadline. (Doc. 33, pg. 1). A review of the revised Joint Scheduling Report reveals that Plaintiff's contributions to the document are minimal. (Doc. 33). Furthermore, although Plaintiff completed the report, she failed to appear at the Order to Show Cause hearing and the Scheduling Conference on November 9, 2015 at 9:30 a.m. as ordered. (Doc. 34).

///

///

---

[1] Defendants attempted to contact Plaintiff on October 12, 13, 14, 15, 20, 27, 29, and November 1 and 2, 2015. (Docs. 30; Doc. 31, pg. 1-2; Doc. 32).

## II. Discussion

Federal Rule of Civil Procedure 16(f) allows for dismissal of a case for failure to appear at a scheduling conference. *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). In addition, Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone*, 833 F.2d at 130 (dismissal for failure to appear at a scheduling conference and for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because

there is no indication that the Plaintiff intends to prosecute this action.  Although she participated in the Joint Scheduling Report, her involvement was minimal, and she only did so after repeated attempts by the Defendants to obtain her cooperation. Moreover, she failed to participate in two previously scheduled Rule 26(f) conferences, and also failed to appear at two mandatory Scheduling Conferences which prevented to scheduling of this case.  (Doc. 25; Doc. 32, pgs. 2, 4- Doc. 34).  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his or her failure to obey the court's order will result in dismissal satisfies the "consideration of less drastic alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  Here, the Court's order requiring that Plaintiff respond to the Order to Show Cause and appear at the Scheduling Conference was clear that dismissal would result from her non-compliance with the Court's order. (Doc. 26, pg. 3).

### III.    Recommendation

Based on the above, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to comply with a court order and for her failure to prosecute this action. It is further recommended that if these Findings and Recommendations are adopted, the Clerk of the Court close this action.

These Findings and Recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B).  Within fourteen (14) days of service of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's

4

Findings and Recommendations."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F. 3d 834, 839 (9th Cir. 2014); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Finally, the Clerk of the Court is directed to serve these Findings and Recommendations on Plaintiff at the address noted on the docket.[2]

IT IS SO ORDERED.

Dated:   **November 19, 2015**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff reported to Defendants that the address on the docket is her correct address. (Docs. 28 and 29).